IN IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHELBI HINDEL,<br>185 Crestview Road<br>Columbus, OH 43202, | * <br> * <br> * | Civil Action No. 2:15-CV-3061 |
| BARBARA PIERCE,<br>198 Kendal Drive<br>Oberlin, OH 44074, | * <br> <br> * | |
| MARIANNE DENNING,<br>835 Carini Lane<br>Cincinnati, OH 45218, | * <br> <br> * | |
| and | * | |
| THE NATIONAL FEDERATION<br>OF THE BLIND, INC.,<br>   At Jernigan Place<br>Baltimore, MD  21230, | * <br> <br> * <br> <br> * | |
| Plaintiffs, | * | |
| v. | * | |
| JON A. HUSTED,<br>OHIO SECRETARY OF STATE,<br>in his official capacity,<br>180 E. Broad Street, 16th Floor<br>Columbus, OH 43215 | * <br> <br> * <br> <br> * | |
| Defendant. | * <br> * * * * * * * * * | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND ATTORNEYS' FEES

### INTRODUCTION

1. Plaintiffs, Shelbi Hindel, Barbara Pierce, Marianne Denning, and the National Federation of the Blind ("NFB"), bring this action against Defendant Jon A. Husted, in his official capacity as Ohio Secretary of State, for denying individuals with disabilities an equal

{00233007-3}

opportunity to vote absentee privately and independently and to access its voter services website, in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. On the basis of these violations, Plaintiffs seek a declaratory judgment, preliminary and permanent injunctive relief, attorneys' fees and costs, and any other available relief.

2. Plaintiffs, a blind advocacy organization and several blind individuals who are registered to vote in Ohio, desire to exercise their right to vote and access online voter services and information in the same way as individuals without disabilities.

3. Although there is readily available technology that would provide the individual Plaintiffs and other Ohio voters who are blind or who have disabilities that prevent them from reading or writing print ("print disabilities") the opportunity to cast their votes through absentee ballots privately, independently, and effectively, as able-bodied individuals may do, Mr. Husted has refused to make this technology available to voters.

4. Mr. Husted has also failed to make the corrections necessary to his voter services website that would afford Plaintiffs and others with print disabilities an equal opportunity to access the important election-related information and forms available on that website.

5. Because individuals without disabilities may cast their votes by absentee ballot privately, independently, and effectively and may use the Secretary of State's voter services website to access information and obtain and submit forms, the ADA requires Mr. Husted to provide individuals with disabilities an equal opportunity to do the same.

**JURISDICTION**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiffs' claims arise under the ADA.

{00233007-3} 2

**PARTIES**

7. Shelbi Hindel is a blind woman who is registered to vote in Ohio. In addition to being an NFB member, Ms. Hindel serves as Secretary of the NFB of Ohio and President of the NFB of Ohio's Capital Chapter. Ms. Hindel accesses text on her computer through the use of Job Access With Speech ("JAWS"), a type of screen access software, which transmits textual information on a computer, tablet, or smartphone screen into an audio output or a refreshable Braille display pad. Ms. Hindel resides in Columbus, Ohio and is a regular voter. She intends to vote in the March 15, 2016 Republican presidential primary election. Because it is difficult for her to get to her new polling location, which is now farther from her home, Ms. Hindel would like the option of voting absentee. It is important to Ms. Hindel to be able to vote privately and independently by absentee ballot.

8. Barbara Pierce is a blind NFB member who is registered to vote in Ohio. Ms. Pierce accesses text on her computer through the use of VoiceOver, a type of screen access software available on Apple devices. Ms. Pierce resides in Oberlin, Ohio. She wants to be able to access the Secretary of State's voter services website, including the forms available on the website, independently through the use of her screen access software. Ms. Pierce would also like the option of voting absentee privately and independently in case she is sick or out of town during an election. Ms. Pierce intends to vote in the March 15, 2016 presidential primary election.

9. Marianne Denning is a blind NFB member who resides in Cincinnati, Ohio. She is registered to vote in Ohio and plans to vote in the Republican presidential primary election on March 15, 2016. Ms. Denning uses JAWS to access text on her computer. Ms. Denning wants the option of voting absentee because she has sometimes missed voting in past elections when

her husband, on whom she relies for transportation to the poll, was away or when the weather was poor.  She also wants to be able to vote by absentee ballot if she happens to be traveling during a future election.  Ms. Denning desires the same option of voting absentee privately and independently that is available to all other Ohio voters.   Ms. Denning also wishes to access the Secretary of State's voter services website.

10. The National Federation of the Blind, the oldest and largest national organization of blind persons, is a 501(c)(3) non-profit corporation duly organized under the laws of the District of Columbia and headquartered in Baltimore, Maryland.  It has affiliates in all 50 states, Washington, D.C., and Puerto Rico.  The NFB and its affiliates are widely recognized by the public, Congress, executive agencies of state and federal governments, and the courts as a collective and representative voice on behalf of blind Americans and their families.  The organization promotes the general welfare of the blind by assisting the blind in their efforts to integrate themselves into society on terms of equality and by removing barriers that result in the denial of opportunity to blind persons in virtually every sphere of life, including education, employment, family and community life, transportation, and recreation.  The NFB has many blind members who are registered to vote in Ohio, desire to exercise their right to vote through the use of an absentee ballot, and wish to access the important information and forms available on the Secretary of State's voter services website.

11. The ultimate purpose of the National Federation of the Blind is the complete integration of the blind into society on a basis of equality.  This objective includes the removal of legal, economic, and social discrimination.  As part of its mission and to achieve these goals, the NFB has worked actively to ensure that the blind have an equal opportunity to cast their votes privately and independently by collaborating with developers of voting technology to ensure

accessibility for the blind. In particular, the NFB has devoted extensive resources – resources that have been diverted from other important projects – to helping develop absentee voting technology that is accessible to the blind. Furthermore, the NFB has expended resources working with organizations, businesses, and governmental entities around the country to help make their websites accessible to blind individuals.

12. Mr. Husted is Ohio's Secretary of State. In that capacity, Mr. Husted is responsible for oversight of statewide elections. He oversees Ohio's absentee voting program and maintains and operates the Secretary of State's voter services website, www.sos.state.oh.us/SOS/elections.aspx. As Ohio's chief elections official, Mr. Husted is responsible for ensuring compliance with the requirements of applicable state and federal law, including the ADA. Plaintiffs bring this action against Mr. Husted in his official capacity as Secretary of State.

## FACTUAL ALLEGATIONS

### Absentee voting in Ohio

13. Any Ohio registered voter can choose to cast her vote through an absentee ballot. Ohio does not require absentee voters to provide a reason for their decision to vote absentee instead of in-person.

14. Ohio voters request absentee ballots through a form that must be filled out and mailed in or personally delivered to the appropriate county board of elections. Although the form is available on the voter services website as a PDF document that can be filled out on a computer, the document is nearly impossible to find given the inaccessible design of the website and is not itself properly designed for use with screen access software. Therefore, because Plaintiffs and other blind and print-disabled individuals cannot fill out the form by hand or by

using their screen access software, they must rely on third parties to fill out the absentee ballot request form for them.

15. Once a voter's absentee ballot request is processed, Ohio mails a paper absentee ballot to the requesting voter. Although Ohio offers uniformed military personnel and overseas civilians (voters covered under the Uniformed and Overseas Civilian Absentee Voting Act of 1986 ("UOCAVA"), 42 U.S.C. §§1973ff-1973ff-6) the option of receiving their absentee ballots electronically through e-mail, the only option it provides to other Ohio voters, including Plaintiffs, is a paper absentee ballot.

16. Paper absentee ballots are not accessible to Plaintiffs or to other individuals who are blind or have print disabilities. Blind voters like Ms. Hindel, Ms. Pierce, and Ms. Denning cannot read the printed text that appears on the absentee ballot. Thus, to vote absentee, the individual Plaintiffs and other blind and print-disabled Ohio voters must rely on the assistance of another person to read and mark their paper absentee ballots for them. Such assistance strips the individual Plaintiffs of the secrecy of their ballots. Although Mr. Husted offers voters without disabilities the opportunity to cast their absentee votes privately and independently, by offering only paper absentee ballots, he deprives the individual Plaintiffs of an equal opportunity to do the same.

17. Ms. Hindel, Ms. Pierce, and Ms. Denning, along with other NFB members, want the same option of voting absentee privately and independently in the March 2016 presidential primary elections that Mr. Husted extends to all other voters.

**Auxiliary aids and services for absentee voting**

18. Auxiliary aids and services exist that would afford Plaintiffs and other blind and print-disabled voters an equal opportunity to vote absentee privately and independently.

19. For example, Maryland has developed an online ballot marking tool that allows voters to view and mark their absentee ballots on their computers. Maryland created the tool so that it would work with screen access software and has extensively tested the tool's usability for individuals with a variety of disabilities.

20. In the November 2014 election, more than 1,700 Maryland voters with disabilities used the tool to mark their voting selections on their computers, review a summary screen showing their selections, and print out their ballots with their selections marked.

21. Maryland's online ballot marking tool allows voters who are blind or have other print disabilities to mark their absentee ballots privately and independently. Although the absentee ballot must still be printed, signed, and returned to the voter's local board of election to be counted, because the signature page prints separately from the ballot, voters need not sacrifice the secrecy of their ballots to receive assistance with signing.

22. Because Maryland is willing to share its online ballot marking tool technology with other states at no charge, implementing the tool would impose only minimal costs for Mr. Husted's office.

23. The Prime III voting system also provides for accessible absentee voting. Prime III is an accessible electronic voting system that can be used for both in-person and absentee voting. For absentee voting, voters can access their absentee ballots through their web browser and read and mark their ballots on their computers. Voters then print their ballots and mail them back to their local boards of election where their votes are counted.

24. Prime III has been used in state elections in Oregon, Wisconsin, and New Hampshire. It has also been used in national organization elections such as those of Self

Advocates Becoming Empowered, National Society of Black Engineers, and National Council on Independent Living.

25. In September 2015, Prime III was released as open source technology, meaning that it can be used by Mr. Husted's office, or by any other entity, free of charge.

26. Finally, other states, like Alaska, make available an electronic absentee ballot that can be completed and transmitted using the voter's computer. Such electronic absentee voting systems can be made accessible for blind voters who use screen access software.

27. Although the NFB has asked Mr. Husted to adopt an accessible absentee voting system, offering Maryland's online ballot marking tool as an example of one that is readily available, Mr. Husted has refused to provide blind Ohio voters with an auxiliary aid or service that would grant them an equal opportunity to vote absentee privately and independently.

**Voter services website**

28. Mr. Husted maintains a voter services website, www.sos.state.oh.us/SOS/elections.aspx, that offers Ohio voters extensive information about voting procedures and policies, candidates, new voting initiatives, election results and data, campaign finance information, and upcoming elections. The website also provides voters with a number of publications and forms, including the Voter Registration and Absentee Ballot Request forms and the Voter Access Guide, Voter Registration Instructions, and Guide to Voting in Ohio publications. Voters who wish to change their voter registration information can do so online using the voter services website.

29. Although the voter services website provides voters without disabilities convenient access to valuable information and critical forms, it is designed in a manner that

deprives blind individuals of these same important services.  The website, including its publications and forms, does not work with screen access software.

30. By maintaining an inaccessible website, Mr. Husted makes it significantly more burdensome for blind Ohioans to register to vote, gain critical information about voting, and complete and submit forms necessary to exercise their right to vote.

31. For example, Ms. Pierce recently moved and wanted to update her voter registration to reflect her new address in advance of the November 3, 2015 elections.  She began trying to update her registration on the voter services website in September 2015, but could not independently locate the appropriate section of the website for making such updates.  Once she was directed to the correct location, she could not independently fill out the online change of registration form.  All of these problems were the result of the website's inaccessible design.  Had the website complied with the World Wide Web Consortium's Web Content Accessibility Guidelines ("WCAG") 2.0 AA, Ms. Pierce would have been able to use her screen access software to independently navigate the website and complete its online forms.  For many blind individuals, having to find and rely upon a sighted third party to complete critical voter forms for them could result in them forfeiting their fundamental right to vote.

## COUNT I
### Violation of Title II of the Americans with Disabilities Act
### 42 U.S.C. § 12131 *et seq*.

32. Plaintiffs incorporate the allegations in the preceding paragraphs, as if alleged herein.

33. The Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, guarantees qualified individuals an equal opportunity to access the benefits of the services, programs, or activities of a public entity.  42 U.S.C. § 12132.

34. Title II of the ADA mandates, *inter alia*, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

35. In providing aids, benefits, or services, public entities may not "[a]fford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," nor may public entities provide qualified individuals with disabilities "an aid, benefit, or service that is not as effective in affording equal opportunity" to gain the same result or benefit as provided to others. 28 C.F.R. § 35.130(b)(1)(ii)-(iii).

36. Furthermore, such public entities "shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." 28 C.F.R. § 35.160(b)(1). To be effective, the "auxiliary aids and services must be provided in . . . such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 35.160(b)(2).

37. Mr. Husted's office, as an agency or instrumentality of the State of Ohio, is a public entity under Title II of the ADA.

38. Absentee voting and the voter services website are services, programs, or activities provided by Mr. Husted.

39. Ms. Hindel, Ms. Pierce, and Ms. Denning are individuals with disabilities under the ADA, as are the NFB's blind members.

40. Ms. Hindel, Ms. Pierce, and Ms. Denning, and many NFB members, are registered to vote in Ohio and are thus qualified individuals entitled to the protections of the ADA.

41. Mr. Husted has failed and is failing to meet his obligations to provide voters who are blind or have print disabilities with an opportunity to vote that is equal to the opportunity provided to other voters. In failing to implement a readily available, accessible absentee voting system, Mr. Husted has refused to provide an auxiliary aid or service and/or failed to make a reasonable modification necessary to allow Ms. Hindel, Ms. Pierce, Ms. Denning, and other NFB members to vote equally. Accordingly, Mr. Husted has excluded and continues to exclude Ms. Hindel, Ms. Pierce, Ms. Denning, and other NFB members from participation in, and denied them the benefits of or otherwise discriminated against them in, its service, program, or activity of absentee voting.

42. Mr. Husted also has failed and is failing to meet his obligations to provide voters who are blind or have print disabilities with an equal opportunity to access the critical information and forms available to all other voters on his voter services website. By maintaining an inaccessible website, Mr. Husted discriminates against blind voters by making it more burdensome for them to access the information and forms necessary to exercise their fundamental right to vote. Mr. Husted has excluded and continues to deny Ms. Hindel, Ms. Pierce, Ms. Denning, and other NFB members the benefits of or otherwise discriminated against them in, its service, program, or activity of maintaining a voter services website.

43. As a result of Mr. Husted's actions, Ms. Hindel, Ms. Pierce, Ms. Denning, and other NFB members have suffered and will continue to suffer irreparable harm: they have suffered and continue to suffer from discrimination and unequal access to Mr. Husted's

programs, services, or activities of absentee voting and the voter services website. If there is no change in the status quo, Ms. Hindel, Ms. Pierce, Ms. Denning, and other NFB members will be denied their right to vote absentee privately and independently and to access critical election information and forms in time for the March 15, 2016 presidential primary elections and in future elections.

44. Mr. Husted's failure to meet his obligations to provide blind voters with an equal opportunity to vote absentee and access the voter services website constitutes an ongoing and continuous violation of the ADA and its supporting regulations. Unless restrained from doing so, Mr. Husted will continue to violate the ADA. Unless enjoined, Mr. Husted's conduct will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.

45. Unless the requested relief is granted, Ms. Hindel, Ms. Pierce, Ms. Denning, and other NFB members will suffer irreparable harm in that they will be discriminated against and denied equal access to absentee voting and the voter services website – programs, services, or activities that impact their ability to participate in one the most fundamental democratic institutions: voting.

46. The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities. 42 U.S.C. § 12188(a)(1).

47. Ms. Hindel, Ms. Pierce, Ms. Denning, and the NFB are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Shelbi Hindel, Barbara Pierce, Marianne Denning, and the NFB request that this Court enter judgment in their favor and award them the following relief:

a. A preliminary and permanent injunction prohibiting Defendant Jon A. Husted from violating the ADA and requiring him to offer a private and independent method of absentee voting and a voter services website that offers Plaintiffs all of the same information and the same transactions, with substantially equivalent ease of use, in time for use by blind voters in the March 15, 2016 presidential primary elections and in all future elections;

b. A declaration that Mr. Husted has and continues to violate the ADA;

c. An award of Plaintiffs Ms. Hindel, Ms. Pierce, Ms. Denning, and the NFB's reasonable attorneys' fees and costs; and

d. Such other and further relief as the Court may deem just.

December 7, 2015

    Respectfully submitted,
    s/Jason C. Boylan
    Jason C. Boylan (0082409), Trial Attorney
    Kristen Henry (0082382)
    **DISABILITY RIGHTS OHIO**
    Ohio Disability Rights Law and Policy Center, Inc.
    50 W. Broad St., Suite 1400
    Columbus, OH 43215
    Tel: (614) 466-7264
    Fax: (614) 644-1888
    jboylan@DisabilityRightsOhio.org
    khenry@DisabilityRightsOhio.org

    *Counsel for Plaintiffs*

Of Counsel:

Daniel F. Goldstein
Jessica P. Weber
BROWN, GOLDSTEIN & LEVY LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
dfg@browngold.com
jweber@browngold.com

{00233007-3}      13